UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PAULINE JOHNSON-BROWN and <br> LARA MICHELLE BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> 2200 M STREET LLC, a Delaware limited liability company, <br>    1995 Broadway <br>    New York, New York 10023; <br><br> MILLENNIUM PARTNERS LLC, a New York limited liability company, <br>    1995 Broadway <br>    New York, New York 10023; <br><br> MILLENNIUM PARTNERS MANAGEMENT LLC, a New York limited liability company, <br>    1995 Broadway <br>    New York, New York 10023; and <br><br> MILLENNIUM MANAGER I, INC., a New York Corporation, <br>    1995 Broadway <br>    New York, New York 10023, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants 2200 M Street LLC, Millennium Partners LLC, Millennium Partners Management LLC, and Millennium Manager I, Inc., through undersigned counsel, hereby remove the action entitled Pauline

Johnson-Brown and Lara Michelle Brown v. 2200 M Street LLC, Millenium Partners LLC, Millenium Partners Management LLC, and Millenium I, Inc.,[1] Civil Action No. 02-0005784, presently pending in the Superior Court of the District of Columbia, Civil Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of removal, Defendants state as follows:

1.     On or about July 16, 2002, Plaintiffs Pauline Johnson-Brown and Lara Michelle Brown ("Plaintiffs") commenced an action by submitting for filing a Complaint in the Superior Court of the District of Columbia, Civil Division, Civil Action No. 02-0005784.  On August 5, 2002, a copy of the Complaint, Summons, and Initial Order issued by the Superior Court of the District of Columbia, Civil Division was served on Defendant 2200 M Street LLC.  In accordance with 28 U.S.C. § 1446(a), true and correct copies of the Complaint, Summons, and Initial Order (as well as copies of the Information Sheet completed by Plaintiffs and the Praecipe filed August 16, 2002 in which Plaintiffs consented to an extension for Defendants to respond to the Complaint) are attached hereto as Exhibit A.

2.     As of this date, Defendants 2200 M Street LLC, Millennium Partners LLC, Millennium Partners Management LLC, and Millennium Manager I, Inc. have not filed a responsive pleading in the action commenced by Plaintiffs in the Superior Court of the District of Columbia, Civil Division.

---

[1]     "Millennium" was misspelled "Millenium" in the caption of the Superior Court Complaint.  In the caption of this Notice, the correct spelling has been substituted.

3. The Complaint alleges counts for fraud, negligence, breach of implied warranties, breach of statutory warranty, strict liability, violation of the D.C. Consumer Protection Act, and indemnity.

4. The Complaint lists plaintiffs' address as 1237 Ordway Street, Brekeley, California 94706. Upon information and belief, at the time that this action was commenced and at all times through the present, Plaintiffs have been citizens of the State of California.

5. At the time that this action was commenced, and at all times through the present, Defendants 2200 M Street LLC, Millennium Partners LLC, Millennium Partners Management LLC, and Millennium Manager I, Inc. have been citizens of States other than the State of California. 2200 M Street LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business in New York and is therefore a citizen of Delaware and New York. Millennium Partners LLC is a limited liability company organized and existing under the laws of New York with its principal place of business in New York and is therefore a citizen of New York. Millennium Partners Management LLC is also a limited liability company organized and existing under the laws of New York with its principal place of business in New York and is therefore a citizen of New York. Under both New York law and Delaware law, limited liability companies have sufficient similarities to corporations to warrant being treated, as corporations are treated, as citizens of the State(s) under whose laws they are organized and in

which they have their principal place of business.[2]  Defendant Millennium Manager I, Inc. is a corporation organized and existing under the laws of New York with its principal place of business in New York and is therefore a citizen of New York.

---

[2]  LLCs have key attributes in common with corporations that justify applying to LLCs the same rules applied in determining the citizenship of a corporation.  For one thing, much as the debts, obligations, and liabilities of a corporation are not the debts, obligations, or liabilities of the shareholders, the debts, obligations, and liabilities of an LLC are not the debts, obligations, and liabilities of its members.  In contrast, in the case of a limited partnership, there must be at least one general partner who is fully liable for the debts, obligations, and liabilities of the partnership.  Because a party asserting a claim against an LLC must seek recovery from the LLC rather than from its members, it would be anomalous to make that party's access to federal court dependent on the citizenship of the members.

The rapid proliferation of state statutes authorizing formation of LLCs has produced "a rather wide variety of statutory provisions."  Charles W. Murdock, Limited Liability Companies in the Decade of the 1990's: Legislative and Case Law Developments and Their Implication for the Future, 56 Bus. Lawy. 499, 500 (2001).  But in the case of New York and Delaware LLCs in particular, the similarities to corporations have been noted.  For example, the Practice Commentaries to New York's Limited Liability Company Law explain that "[a]n LLC can be closely compared to an S Corporation . . . ."  N.Y. Ltd. Liab. Co. Law, Practice Commentaries, Part 1.C (McKinney 2002 Pamphlet); see also id., Part 3.B ("LLCs are afforded a broad range of corporate type powers, such as the ability to sue and be sued . . . and to acquire and hold property in the name of the LLC.").  Likewise, it has been observed that "several provisions from the Delaware General Corporation Law have been incorporated into the DLLC [Delaware Limited Liability Company] Act."  James G. Leyden, Jr., "LLCs for Starting-Ups & Growing Companies: Choosing the Best Entity," 1200 PLI/Corp 7, 9 (Practicing Law Institute 2000).  For example, the DLLC Act permits the bringing of derivative actions in the name of an LLC.  Just as a shareholder may sue on behalf of a corporation, "a member or an assignee of a limited liability company interest may bring an action in the Court of Chancery in the right of a limited liability company to recover a judgment in its favor if managers or members with authority to do so have refused to bring the action or if an effort to cause those managers to bring the action is not likely to succeed."  Del. Code Ann. tit. 6 § 18-1001 (Michie 1999 Repl. Vol.).

6.      Accordingly, there is complete diversity between Plaintiffs and Defendants.

7.      None of the Defendants is or was at any time since this action was commenced a citizen of the District of Columbia.

8.      The amount in controversy exceeds the sum or value of $75,000, excluding interest and costs.  As indicated by ¶¶ a, b, f, and g of their prayer for relief, Plaintiffs seek damages in excess of $10,000,000.

9.      This Court has original jurisdiction over the above-entitled action pursuant to 28 U.S.C. § 1332(a).  Defendants 2200 M Street LLC, Millennium Partners LLC, Millennium Partners Management LLC, and Millennium Manager I, Inc. are entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441 because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the District of Columbia; (ii) this action is between citizens of different States; (iii) none of the Defendants is a citizen of the District of Columbia; and (iv) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10.     Pursuant to 28 U.S.C. § 1446(b), Defendants 2200 M Street LLC, Millennium Partners LLC, Millennium Partners Management LLC, and Millennium Manager I, Inc. are filing this Notice of Removal with this Court in a timely manner, within thirty days of service of the Complaint.

11. A Notice to Superior Court of Removal to Federal Court is simultaneously being filed with the Superior Court of the District of Columbia, Civil Division. A true and correct copy of said Notice is attached hereto as Exhibit B.

WHEREFORE, Defendants 2200 M Street LLC, Millennium Partners LLC, Millennium Partners Management LLC, and Millennium Manager I, Inc. hereby remove the above-entitled action from the Superior Court of the District of Columbia, Civil Division to this Court, and request that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

By:_____
Judith A. Miller Bar No. 941542
Laurie S. Fulton, Bar No. 424533

725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000

McMANUS, SCHOR, ASMAR &
DARDEN, LLP

By: _____
Joseph A. McManus, Jr. Bar No. 345462
Geoffrey T. Keating Bar No. 25239

1301 Connecticut Avenue, N.W., Sixth Floor
Washington, DC 20036
(202) 296-9260

Counsel for Defendants 2200 M Street LLC, Millennium Partners LLC, Millennium Partners Management LLC, and Millennium Manager I, Inc.

Dated: September 3, 2002

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September 2002, I have caused copies of the foregoing Notice of Removal to be served by first class mail upon Steven A. Skalet, Esquire, Mehri & Skalet, PLLC, 1300 19th Street, N.W., Suite 400, Washington, DC 20036, and Jonathan K. Tycko, Esquire, Tycko Zavareei LLP, 1300 19th Street, N.W., Suite 400, Washington, DC 20036.

_____
Laurie S. Fulton