IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAULINE JOHSON-BROWN

and

LARA MICHELLE BROWN,

        Plaintiffs,

v.

2200 M STREET LLC, *et al.*,

        Defendants.

No. 1:02CV1756 RMU

**ITEMIZATION OF COSTS AND EXPENSES
PURSUANT TO COURT'S ORDER OF APRIL 8, 2003**

Plaintiffs Pauline Johnson-Brown and Lara Michelle Brown hereby respectfully submit this itemization of costs and expenses, as ordered by the Court on April 8, 2003.

Attached hereto as Exhibit A is a Declaration of Jonathan K. Tycko, which sets forth the attorneys' fees and expenses attributable to the law firm of Tycko Zavareei LLP as a result of the removal.

Attached hereto as Exhibit B is a Declaration of Steven A. Skalet, which sets forth the attorneys' fees and expenses attributable to the law firm of Mehri & Skalet, PLLC, as a result of the removal.

Attached hereto as Exhibit C is the most recent version of the "Laffey Matrix" maintained by the United States Attorney's Office for the District of Columbia. To simplify matters at this stage, plaintiffs' counsel will consent, for purposes of this Itemization only and

without prejudice to their ability to seek higher rates in other contexts, to the use of the "Laffey Matrix" rates.

Assuming use of the "Laffey Matrix" rates, the total attorneys' fees and expenses incurred by plaintiffs as a result of the removal of this action was as follows:

| Attorneys fees, Tycko Zavareei LLP | $7,410.00 |
| Expenses, Tycko Zavareei LLP | 8.30 |
| Attorneys fees, Mehri & Skalet, PLLC | 2,109.00 |
| **TOTAL** | **$9,527.30** |

Dated: April 14, 2003

Respectfully submitted,

_____
Steven A. Skalet       /JKT
 D.C. Bar No. 359804
MEHRI & SKALET, PLLC
1300 19th Street, N.W., Suite 400
Washington, D.C. 20036
(202) 822-5100

_____
Jonathan K. Tycko
 D.C. Bar No. 445851
Hassan A. Zavareei
 D.C. Bar No. 456161
TYCKO ZAVAREEI LLP
1300 19th Street, N.W., Suite 400
Washington, D.C. 20036
(202) 973-0900

*Attorneys For Plaintiffs Pauline Johnson-Brown and Lara Michelle Brown*

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 14th day of April, 2003, true and correct copies of the foregoing ITEMIZATION OF COSTS AND EXPENSES PURSUANT TO COURT'S ORDER OF APRIL 8, 2003, and supporting declarations, were served via U.S. mail, first class, postage prepaid, upon:

> Laurie S. Fulton, Esq.
> Williams & Connolly LLP
> 725 Twelfth Street, N.W.
> Washington, D.C. 20005
>
> Joseph A. McManus, Esq.
> McManus, Shor, Asmar & Darden, LLP
> 1301 Connecticut Ave., N.W.
> Sixth Floor
> Washington, D.C. 20036

_____
Jonathan K. Tycko

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE JOHSON-BROWN<br><br>and<br><br>LARA MICHELLE BROWN,<br><br>    Plaintiffs,<br><br>v.<br><br><br>2200 M STREET LLC, *et al.*,<br><br>    Defendants. | No. 1:02CV1756 RMU |

## DECLARATION OF JONATHAN K. TYCKO

I, Jonathan K. Tycko, hereby declare as follows:

1.  I am a partner with the law firm of Tycko Zavareei LLP. I am admitted to practice in Washington, D.C., Maryland and New York, as well as numerous federal courts throughout the country. I am a member of the bar of this Court. I graduated from Columbia Law School in 1992.

2.  My law firm maintains daily records of the amount time that our attorneys spend on various matters, along with descriptions of how that time is spent. In addition, my law firm maintains records of expenses that we incur in connection with various matters. These records show the date, amount and nature of each item of expense. These records of both time and expenses are maintained in an electronic database that we use for various purposes, including the creation of invoices for our paying clients.

3.   I have reviewed my firm's records of time and expenses incurred to date in connection with this lawsuit. I am the only attorney at my firm that logged time relating to the defendants' removal of this action to federal court. My time entries relating to the removal were as follows:

| Date | Description | Hours |
| --- | --- | --- |
| 9/6/02 | Review notice of removal. | 0.30 |
| 9/9/02 | Conduct research for potential motion to remand. | 1.90 |
| 9/12/02 | Conduct research for and begin drafting of motion to remand. | 2.10 |
| 9/13/02 | Conduct additional research for and draft motion to remand. | 2.80 |
| 9/14/02 | Draft motion to remand. | 1.0 |
| 9/17/02 | Conduct additional research for and draft motion to remand. | 3.70 |
| 9/18/02 | Draft motion to remand. | 1.10 |
| 9/23/02 | Draft motion to remand. | 1.20 |
| 9/24/02 | Revise motion to remand. | 0.40 |
| 9/24/02 | Draft and send letter to L. Fulton regarding motion to remand. | 0.40 |
| 9/25/02 | Telephone conference with L. Fulton regarding motion to remand. | 0.10 |
| 9/26/02 | Finalize motion to remand, and handle electronic filing and service of same. | 0.90 |
| 10/10/02 | Review defendants' memorandum in opposition to motion for remand. | 1.10 |
| 10/12/02 | Draft reply brief in support of motion to remand. | 1.60 |
| 10/15/02 | Draft reply in support of motion to remand. | 1.40 |

| Date | Description | Hours |
|---|---|---|
| 10/16/02 | Finalize reply brief in support of motion to remand, and handle electronic filing and service of same. | 0.60 |
| 4/8/03 | Telephone conference with Judge Urbina's law clerk regarding ruling on motion for remand, and review same. | 0.60 |
| 4/10/03 | Prepare itemization of fees and costs, and declaration supporting same. | 0.90 |
| 4/14/03 | Finalize itemization of fees and costs and supporting declaration; Handling electronic filing and service of same. | 0.70 |
| | **TOTAL** | **22.80** |

4. The "Laffey Matrix" rate for an attorney with my level of experience is $325/hour, which I am willing to use, without prejudice, for purposes of this Declaration. If this rate is multiplied by the total of 22.80 hours, the resulting fee is $7,410.00.

5. Based upon my review of my firm's records, I have determined that my firm incurred $8.30 in photocopying and postage expenses in connection with preparation and service of the motion to remand and the briefs in support thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 14, 2003.

Jonathan K. Tycko

3

**Exhibit B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAULINE JOHSON-BROWN<br><br>and<br><br>LARA MICHELLE BROWN,<br><br>    Plaintiffs,<br><br>v.<br><br><br>2200 M STREET LLC, *et al.*,<br><br>    Defendants. | No. 1:02CV1756 RMU |

## DECLARATION OF STEVEN A. SKALET

I, Steven A. Skalet, hereby declare as follows:

1. I am a principal with the law firm of Mehri & Skalet, PLLC. I am admitted to practice in Washington, D.C. and Maryland as well as numerous federal courts throughout the country. I am a member of the bar of this Court. I graduated from The University of Pennsylvania Law School in 1971.

2. My law firm maintains daily records of the amount time that our attorneys spend on various matters, along with descriptions of how that time is spent. In addition, my law firm maintains records of expenses that we incur in connection with various matters. These records show the date, amount and nature of each item of expense. These records of both time and expenses are maintained in an electronic database that we use for various purposes, including the creation of invoices for our paying clients.

3. I have reviewed my firm's records of time and expenses incurred to date in connection with this lawsuit. I am the only attorney at my firm that logged time relating to the defendants' removal of this action to federal court. My time entries relating to the removal were as follows.

| Date | Description | Hours |
|---|---|---|
| 9/4/02 | Review removal and related motions | 0.60 |
| 9/6/02 | Review removal pleadings and conference with J. Tycko; emails; pacer forms | 1.0 |
| 9/9/02 | Research on past decisions, J. Urbina, on removal | .75 |
| 9/23/02 | Review and edit motion for remand | .50 |
| 10/14/02 | Complete review of Defendant's Opposition to Remand; Research; Conferences with J. Tycko | 1.50 |
| 10/15/02 | Review and edit Rely Memo on Remand issue; emails and conference with J. Tycko | .75 |
| 4/14/03 | Work on Declaration for fees and costs on Remand Motion | .6 |
|  | **TOTAL** | **5.7** |

4. The "Laffey Matrix" rate for an attorney with my level of experience is $370/hour, which I am willing to use, without prejudice, for purposes of this Declaration. If this rate is multiplied by the total of hours, the resulting fee is $2,109.00

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 14, 2003.

Steven A. Skalet

2

**Exhibit C**



# Civil Division

## Laffey Matrix -- 1992 - 2003

Years (Rate for June 1 - May 31, based on prior year's CPI-U)

| Experience | 92-93 | 93-94 | 94-95 | 95-96 | 96-97 | 97-98 | 98-99 | 99-00 | 00-01 | 01-02 | 02-03 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 20+ years | 300 | 305 | 310 | 315 | 325 | 330 | 335 | 340 | 350 | 360 | 370 |
| 11-19 years | 265 | 265 | 270 | 275 | 280 | 285 | 290 | 295 | 305 | 315 | 325 |
| 8-10 years | 210 | 215 | 220 | 225 | 230 | 235 | 240 | 245 | 250 | 260 | 265 |
| 4-7 years | 170 | 175 | 180 | 195 | 190 | 195 | 195 | 200 | 205 | 210 | 215 |
| 1-3 years | 130 | 135 | 140 | 145 | 150 | 155 | 155 | 160 | 165 | 170 | 175 |
| Paralegals & Law Clerk | 75 | 75 | 80 | 80 | 80 | 85 | 85 | 90 | 90 | 95 | 100 |

*Explanatory Notes*

1. This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.*, 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412 (b) (Equal Access to Justice Act). The matrix does *not* apply in cases in which the hourly rate is limited by statute. *See* 28 U.S.C. § 2412(d).

2. This matrix is based on the hourly rates allowed by the District Court in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985). It is commonly referred to by attorneys and federal judges in the District of Columbia as the "*Laffey* Matrix" or the "United States Attorney's Office Matrix." The column headed "Experience" refers to the years following the attorney's graduation from law school. The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). *See Laffey*, 572 F. Supp. at 371.

3. The hourly rates approved by the District Court in *Laffey* were for work done principally in 1981-82. The Matrix begins with those rates. *See Laffey*, 572 F. Supp. at 371 (attorney rates) & 386 n.74 (paralegal and law clerk rate). The rates for subsequent yearly periods were determined by adding the change in the cost of living for the Washington, D.C. area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5 (up if within $3 of the next multiple of $5). The result is subject to adjustment if appropriate to ensure that the relationship between the highest rate and the lower rates remains reasonably constant. Changes in the cost of living are measured by the Consumer Price Index for All Urban Consumers (CPI-U) for Washington-

Baltimore, DC-MD-VA-WV, as announced by the Bureau of Labor Statistics for May of each year.

4. Use of an updated *Laffey* Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc). The Court of Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the United States Attorney's Office as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area. *See Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996). Lower federal courts in the District of Columbia have used this updated *Laffey* Matrix when determining whether fee awards under fee-shifting statutes are reasonable. *See, e.g., Blackman v. District of Columbia*, 59 F. Supp. 2d 37, 43 (D.D.C. 1999); *Jefferson v. Milvets System Technology, Inc.*, 986 F. Supp. 6, 11 (D.D.C. 1997); *Ralph Hoar & Associates v. Nat'l Highway Transportation Safety Admin.*, 985 F. Supp. 1, 9-10 n.3 (D.D.C. 1997); *Martini v. Fed. Nat'l Mtg Ass'n*, 977 F. Supp. 482, 485 n.2 (D.D.C. 1997); *Park v. Howard University*, 881 F. Supp. 653, 654 (D.D.C. 1995).

*Return to Top of Page*

*Return to Laffey Matrix Page*

*Return to Home Page*

Technical comments about this website can be e-mailed to the Webmaster. **PLEASE NOTE:** The United States Attorney's Office does not respond to non-technical inquiries made to this website. If you wish to make a request for information, you may contact our office at 202-514-7566, or you may send a written inquiry to the United States Attorney's Office, District of Columbia, 555 4th Street, N.W., Washington, D.C. 20530.

This page updated September 13, 2002.